# In the United States Court of Federal Claims

No. 19-593 C
Filed under seal August 6, 2019
Reissued August 19, 2019[1]

| | ) | |
|---|---|---|
| CRITERION SYSTEMS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Keywords: Pre-Award Bid Protest; Late |
| v. | ) | Quote; RCFC 52.1; Judgment on the |
| | ) | Administrative Record; Administrative |
| THE UNITED STATES, | ) | Record; 28 U.S.C. § 1491(b). |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

*David T. Hickey, Elizabeth C. Johnson, Ken M. Kanzawa*, Kelley Drye & Warren LLP, Washington, D.C., for plaintiff.

*Sosun Bae*, U.S. Department of Justice, Commercial Litigation Branch, Civil Division, Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

***HERTLING*, Judge**

     This pre-award bid protest comes before the Court on the parties' Cross-Motions for Judgment on the Administrative Record. Plaintiff Criterion Systems, Inc. ("Criterion") filed its complaint on April 22, 2019, challenging the National Nuclear Security Administration's ("NNSA" or "Agency") decision to reject Criterion's quote, which was filed 90 seconds after the deadline for quote submission. Criterion alleges that the Agency acted arbitrarily and capriciously both by rejecting Criterion's late-filed quote, and failing to amend the Request for Quotes No. DE-SOL-0011276 (the "RFQ") in response to allegedly changed requirements. Criterion seeks declaratory and injunctive relief, attorneys' fees, bid and proposal costs, and any other relief that the Court deems just and appropriate. For the following reasons, the plaintiff's Motion for Judgment on the Administrative Record is denied, and the defendant's Cross-Motion for Judgment on the Administrative Record is granted.

---

[1] This opinion was originally filed under seal, to allow the parties the opportunity to propose redactions. No redactions were proposed. The opinion is reissued for publication with the Court's minor redactions.

I. BACKGROUND

　　A. Factual Background

On May 5, 2015, the NNSA awarded a Blanket Purchase Agreement ("BPA") under multiple Federal Supply Schedule ("FSS") contracts to three companies, [* * *] ("Offeror A"), [* * *] ("Offeror B"), and Criterion. Administrative Record ("AR") (ECF 17) 1565.

On June 22, 2017, the NNSA issued the RFQ to the three BPA-holders seeking cybersecurity services for the NNSA's Office of the Chief Information Officer. AR 1. The RFQ anticipated a single-award hybrid time and materials and firm fixed-price task order with a one-year base period and four one-year option periods ending on January 31, 2023. AR 6-7, 30. The RFQ advised offerors that the NNSA anticipated selecting a vendor without engaging in exchanges with the BPA holders. AR 42. The RFQ also identified that the task order was a total small business set-aside under North American Industry Classification System ("NAICS") code 541513 (Computer Facilities Management Services). AR 1, AR 9, AR 21, AR 35.

The RFQ provided general instructions, including specific instructions on the order start date, how and where to submit quotes, and the contents of quotes. *See* AR 33-34. The instructions afforded the Agency some discretion to consider offerors with materially deficient quotations, explaining "[f]ailure to follow procedures or provide any of the documents or information may be considered a material omission and may adversely affect a Vendor's evaluation or result in elimination of the Vendor from the competition." *See* AR 33. The instructions also expressed the quote due date, and provided "**LATE QUOTES WILL NOT BE ACCEPTED**." *Id.* (emphasis and capitalization original; red font in original). The instructions required offerors to submit their quotes in three volumes, Quote and Other Documents, Technical Quotation, and Price Quote. *Id.*

The NNSA amended the RFQ twice before the deadline for initial quotes: Amendment 0001 on June 22, 2017, the day of the RFQ's initial issuance, AR 97; and Amendment 0002 on July 11, 2017, AR 98. As did the initial RFQ, Amendment 0002 also provided expressly "**LATE QUOTES WILL NOT BE ACCEPTED**." AR 33, 130 (emphasis and capitalization original; red font in original).

Criterion submitted a timely initial quote on July 14, 2017, *see* AR 443, as did Offeror A and Offeror B. AR 247, 701.

On November 19, 2018, the NNSA issued Amendment 0003, and requested revised quotes. AR 165-66. The NNSA set a deadline for these revised quotes to be submitted to FedConnect, the NNSA's quote submission forum, "**no later than 5:00pm ET on November 21, 2018**." AR 165, 199 (emphasis original). Amendment 0003, like the initial RFQ and Amendment 0002, provided "**LATE QUOTES WILL NOT BE ACCEPTED**." AR 199 (emphasis and capitalization original; red font in original).

On November 21, 2018, Criterion submitted its revised quote at 5:01:30 PM ET, 90 seconds after the deadline for quote submission. AR 1362. After receiving the late submission, the NNSA inquired to FedConnect, seeking additional information about Criterion's submission:

>Our contract writing system, STRIPES, interfaces with FedConnect and flagged one of the vendor responses as late. Before we take further action, we are seeking logs or further information regarding the vendor's submission. For example, when the vendor submitted their quotation to the FedConnect server or anything that might impact the late submission.
>
>The solicitation # is DE-SOL-0011276 and the vendor in question is CRITERION SYSTEMS INC.

AR 1364.

A FedConnect support representative responded that Criterion had submitted its quote at 2:36:54 PM on November 21, 2018. AR 1363. The next day, a different FedConnect support representative clarified that Criterion's quote was "actually submitted in FedConnect on 11/21/2018 at 17:01:30 EST. The date/time that we previously stated of 11/21/2018 at 2:36:54 PM was when the response was created and updated by the vendor user in FedConnect, not when it was submitted." *Id.*

On December 7, 2018, the Agency reiterated this information to Criterion and asked Criterion to provide "any information that evidences that its quotation was, in fact, timely submitted[.]" AR 1524. Criterion's representative responded that "there may have been latency issues" and noted that "[w]hile this was my first experience submitting documents using FedConnect, the fact that the 'submit' button was active and available in the portal would appear to indicate the request was initiated timely." *Id.* Criterion did not provide any evidence of an on-time quote submission.

On December 11, 2018, after reviewing quotes, the NNSA notified Offeror A that its revised price quotation did not include required pricing information for the "Option to Extend Services." AR 1365. As with its request to Criterion, the NNSA requested that Offeror A "demonstrate that its most recent quotation was, in fact, submitted with 'Option to Extend Services' pricing information[.]" *Id.* Offeror A claimed to have submitted "full pricing sheets" and attached those pricing sheets to its email. *Id.* On December 12, 2018, the NNSA responded that the pricing sheets Offeror A sent on December 11, 2019 had not been submitted before the deadline for quote submission. AR 1371. Offeror A and the NNSA discussed the issue on a phone call on December 20, 2018, and the NNSA clarified again that it would not accept late quote information. AR 1520-21. The NNSA documented the call in a memorandum on December 21, 2018. AR 1529.

On January 4, 2019, the NNSA informed Criterion that it would not accept Criterion's late-filed quote. AR 1531-32. The NNSA explained that it "does not consider Criterion's response" that computer latency issues made Criterion's quote late to be "evidence that its quotation was, in fact, timely submitted by the 5:00 PM ET deadline." AR 1532.

Criterion filed a timely pre-award protest with the Government Accountability Office ("GAO") on January 9, 2019. AR 1536-43. The NNSA stayed award of the task order pursuant to the Competition in Contracting Act ("CICA"), 21 U.S.C. § 3553(c).

On January 10, 2019, The NNSA filed a memorandum for the record documenting its determination that Offeror A's quote contained a material omission and was unawardable without discussions.  AR 1544-49.

### B. Procedural Background

As noted, on January 9, 2019, Criterion filed a timely protest at the GAO.  Criterion's GAO protest alleged that after rejecting Criterion's late quote, the Agency should have evaluated Criterion's initial quote.  The GAO rejected that argument because the initial quote did not address Amendment 0003's updated period of performance, which was a material requirement.  The GAO denied Criterion's protest in a public decision issued on April 16, 2019.  *See Criterion Sys., Inc.*, B-417240, Apr. 16, 2019, 2019 CPD --, 2019 WL 1977099.  On April 17, 2019, Criterion submitted a pre-filing notice to this Court, the GAO, the Department of Justice, and the NNSA.

On April 22, 2019, Criterion filed its complaint in this Court, alleging that the NNSA should have both accepted its late quote and amended the RFQ to reflect recent changes in its cybersecurity and nuclear security posture.  Pursuant to the schedule they proposed, the parties briefed cross-motions for judgment on the administrative record.  After the case was fully briefed, it was transferred from the judge to whom it was initially assigned to the undersigned.  The Court heard the parties' oral arguments on July 30, 2019.  The motions are now ripe for adjudication.

## II. JURISDICTION AND STANDARD OF REVIEW

The Tucker Act confers on this Court jurisdiction "to render any judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States . . . in cases not sounding in tort."  28 U.S.C. § 1491(a)(1); *Bannum, Inc. v. United States*, 404 F.3d 1346, 1351 (Fed. Cir. 2005).  This Court has jurisdiction over bid protest actions pursuant to 28 U.S.C. § 1491(b).

In a Motion for Judgment on the Administrative Record pursuant to Rule 52.1 of the Rules of the Court of Federal Claims ("RCFC"), "'the court asks whether, given all the disputed and undisputed facts, a party has met its burden of proof based on the evidence in the record.'" *Integral Consulting Servs., Inc. v. United States*, 140 Fed. Cl. 653, 657 (2018) (quoting *A & D Fire Prot., Inc. v. United States*, 72 Fed. Cl. 126, 131 (2006)).  Under RCFC Rule 52.1, the parties are limited to the Administrative Record, and the Court makes findings of fact as if it were conducting a trial on a paper record.  *See Bannum, Inc.*, 404 F.3d at 1354.  The Court must determine whether a party has met its burden of proof based on the evidence contained within the Administrative Record.  *Id*. at 1355.  Unlike a summary judgment proceeding, genuine issues of material fact will not foreclose judgment on the Administrative Record.  *Id*. at 1356.

The Court evaluates bid protests under the Administrative Procedure Act's ("APA") standard of review of agency action.  28 U.S.C. § 1491(b); *Bannum, Inc.*, 404 F.3d at 1351 (citing *Impresa Construzioni Geom. Domenico Garufi v. United States*, 238 F.3d 1324, 1332 (Fed. Cir. 2001)).  An agency procurement action may be set aside only if it is "arbitrary,

capricious, an abuse of discretion, or otherwise not in accordance with the law." 28 U.S.C. § 1491(b)(4); 5 U.S.C. § 706(2)(A).  Agencies, and contracting officers, are "'entitled to exercise discretion upon a broad range of issues confronting them' in the procurement process." *Impresa*, 238 F.3d at 1332 (quoting *Latecoere Int'l, Inc. v. U.S. Dep't of the Navy*, 19 F.3d 1342, 1356 (11th Cir. 1994)).  Accordingly, the court's review of a procuring agency's decision is "highly deferential." *Advanced Data Concepts v. United States*, 216 F.3d 1054, 1058 (Fed. Cir. 2000).

To prevail in a bid protest, the protester must show first, "a significant error in the procurement process" and second, "that the error prejudiced it." *Data Gen. Corp. v. Johnson*, 78 F.3d 1556, 1562 (Fed. Cir. 1996); *see also Bannum*, 404 F.3d at 1351 ("First . . . the trial court determines whether the government acted without rational basis or contrary to law when evaluating the bids and awarding the contract.  Second . . . [the trial court] proceeds to determine, as a factual matter, if the bid protester was prejudiced by that conduct.").  The Court will "interfere with the government procurement process 'only in extremely limited circumstances.'" *EP Prods., Inc. v. United States*, 63 Fed. Cl. 220, 223 (2005) (quoting *CACI, Inc.-Federal v. United States*, 719 F.2d 1567, 1581 (Fed. Cir. 1983)).  This Court will not disturb agency action so long as the agency had a reasonable basis for its action, even though the Court might "have reached a different conclusion as to the proper administration and application of the procurement regulations" in the first instance.  *Honeywell, Inc. v. United States*, 870 F.2d 644, 648 (Fed. Cir. 1989).  The Court cannot substitute its judgment for that of the agency, even if reasonable minds could reach differing conclusions.  *Bowman Transp., Inc. v. Ark.-Best Freight Sys., Inc.*, 419 U.S. 281, 285-86 (1974).

### III.  DISCUSSION

#### A.  The NNSA's Obligation to Accept Criterion's Late Quote

Criterion argues that the NNSA acted arbitrarily and capriciously by rejecting Criterion's quote because there is no "late is late" rule under Federal Acquisition Regulation ("FAR") Part 8, and the RFQ provided the NNSA the discretion to accept late-filed quotes.  Criterion also argued that the NNSA's rejection of its quote undermined competition, which it claims is required by FAR 8.405-2.  Criterion argues that FAR 8.405-2 requires agencies to accept proposals from at least three offerors.  Criterion further argues that the Agency treated Criterion and Offeror A unequally, because the NNSA had rejected Criterion's late quote but not Offeror A's quote, even though it omitted updated option pricing and was therefore non-compliant with the RFQ.

The NNSA argues that it complied with the RFQ's express terms.  The NNSA argues that it was not obligated to accept Criterion's late quote because the NNSA satisfied the competition requirements set forth in FAR 8.405-3, which applies to this task order, because the RFQ was let under a BPA.  The NNSA also argues that Criterion's unequal treatment claim is both unripe and meritless.

#### 1.  Competition Requirements

The NNSA did not act arbitrarily and capriciously, or in violation of the law, because the NNSA complied with FAR 8.405-3 competition requirements, and the source selection procedures set forth in the RFQ.

This RFQ was issued as an order under the BPA held by Criterion, Offeror A and Offeror B. Accordingly, FAR 8.405-3 controls. By the plain language of FAR 8.405-3(c)(2)(iii)(A), the NNSA satisfied the competition requirements by "provid[ing] the RFQ to all BPA holders;" "afford[ing] all BPA holders responding to the RFQ an opportunity to submit a quote;" and "fairly consider[ing] all responses received . . . in accordance with the selection procedures."

FAR Part 8 procurements are bound by the selection procedures set forth in their RFQs. FAR 8.405-3(c)(2)(iii)(A)(3). Agencies must provide offerors with a common set of selection procedures, follow those procedures, and apply the procedures equally to all quotes. *See, e.g.*, *Centerra Grp., LLC v. United States*, 138 Fed. Cl. 407, 413 (2018) (citing FAR 1.102-2(c)(3) (2017); FAR 1.602-2(b) (2017)). Critically, it is the offeror's responsibility to understand and comply with proposal submission requirements. *Johnson Controls Gov't Sys., LLC v. United States*, 125 Fed. Cl. 289, 292 (2014).

In Criterion's case, the selection procedures in the RFQ provided – in bolded, red capital letters – that late quotes would not be accepted. *See* AR 33, 130, 199. It is undisputed that Criterion's quote was submitted 90 seconds after the deadline for quote submission. AR 1524. Thus, the NNSA appropriately rejected Criterion's quote because it was late, in violation of the explicit selection criteria set forth in the RFQ. *See* FAR 8.405-3(c)(2)(iii)(A)(3). Ninety seconds late may appear to be a minimal infraction, but deadlines are set for a reason, and an agency's strict adherence to a deadline places all bidders on an equal footing and avoids the sorts of issues Criterion is seeking to raise here. Further, Criterion's failure to submit a timely bid was entirely within its own control. *See Conscoop-Consorzia Fra Coop. Di Prod. e Lavoro v. United States*, 62 Fed. Cl. 219, 237 (2004). The Agency's refusal to deviate from the express RFQ terms is not arbitrary, capricious, or contrary to law.

## 2. Disparate Treatment

Criterion's disparate treatment claim is not ripe for this Court's consideration.[2] Criterion's claim of unequal treatment is contingent on the Agency conducting discussions with Offeror A and ultimately awarding Offeror A the contract. Neither of these events have occurred. The Court cannot grant Criterion relief from hypothetical harm.

A claim is not ripe for judicial review when it is contingent upon future events that may or may not occur. *Draken Int'l, Inc. v. United States*, 120 Fed. Cl. 383, 396 (2015) (citing *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580-81 (1985)). There are two factors to assess ripeness: "(1) the fitness of the issues for judicial decision[;] and (2) the hardship to the parties of withholding court consideration." *Sys. Application & Techs. v. United*

---

[2] In addition to not being ripe, Criterion's unequal treatment claim is meritless. Even if Criterion's claim of disparate treatment were ripe, the NNSA did not treat Criterion and Offeror A unequally. Agencies are not required to give the same treatment to offerors presenting different defects. *See, e.g.*, *Lockheed Martin Corp. v. United States*, 124 Fed. Cl. 709, 722 (2016) ("To the extent proposals differ, the government may rationally take different action regarding different proposals."); *A-T Sols., Inc. v. United States*, 122 Fed. Cl. 170, 183 (2015) ("[O]fferors who are not similarly situated may be treated differently."). Criterion's late quote submission was an immediately apparent defect that affected the NNSA's ability to accept Criterion's quote. On the other hand, the fact that Offeror A had omitted its option year pricing was not apparent without evaluation. This Court's precedent does not require the Agency to treat Criterion's obvious procedural defect identically to Offeror A's omission.

*States*, 691 F.3d 1374, 1383-1384 (Fed. Cir. 2012); *see also Tex. Bio & Agro-Def. Consortium v. United States*, 87 Fed. Cl. 798, 804 (2009).  Fitness for judicial review requires a final decision, or (1) an agency action that is "'the consummation of the agency's decisionmaking process,'" and (2) "the action must be one by which rights or obligations have been determined, or from which legal consequences will flow."  *NSK, Ltd. v. United States,* 510 F.3d 1375, 1385 (Fed. Cir. 2007) (quoting *Bennett v. Spear,* 520 U.S. 154, 177 (1997)).  Hardship requires a showing of an "'immediate and substantial impact'" to the parties.  *Caraco Pharm. Labs., Ltd. v. Forest Labs., Inc.*, 527 F.3d 1278, 1295 (Fed.Cir.2008) (quoting *Gardner v. Toilet Goods Ass'n*, 387 U.S. 167, 171 (1967)).

Since Criterion lodged its initial protest at the GAO, this procurement has been stayed from award, either pursuant to CICA or by agreement of the parties.  Nevertheless, the procurement still ongoing, and the current state of evaluations and discussions is unknown.  Whether Criterion will be treated unfairly and prejudicially compared to Offeror A is not yet known and cannot be ascertained until the "consummation of the agency's decisionmaking process[,]"the award of a task order.  *See NSK, Ltd.,* 510 F.3d at 1385.  To that end, Criterion will face no "'immediate and substantial impact'" when this Court denies this claim.  *Caraco Pharm. Labs., Ltd.*, 527 F.3d at 1295 (quoting *Gardner*, 387 U.S. at 171).  Accordingly, Criterion's claim of unequal treatment is unripe.

**B.    Changed Requirements**

Criterion argues that the NNSA acted arbitrarily, capriciously, and contrary to law by failing to amend the RFQ to reflect the changed requirements that resulted from the "shifting geopolitical relations with Russia, China, North Korea, and Iran" as well as new policies and requirements issued since the RFQ was let.  Accordingly, Criterion moved to supplement the administrative record to include several Government publications and a declaration from a Criterion vice president that allegedly support these claims.  The Court denied Criterion's Motion to Supplement the Administrative Record because the documents detailing the NNSA's alleged changed requirements merely "proffer[ed] facts that substitute plaintiff's opinion for the [agency's] technical determinations made regarding the [RFQ]."  *RhinoCorps Co. v. United States*, 87 Fed. Cl. 261, 282 (2009).

The NNSA, citing *Blue & Gold Fleet, L.P. v. United States*, argues that Criterion is barred by laches from raising the changed requirements claim because Criterion participated in the competition without complaint until its quote was rejected.  492 F.3d 1308, 1313 (Fed. Cir. 2007).  Further, the NNSA argues that Criterion is not a small business under the NAICS code for this procurement so it cannot be prejudiced,[3] and that the NNSA was not required to amend the RFQ.

---

[3] The defendant argues that because Criterion is no longer a small business under NAICS Code 541513, it lacks standing to complain about the RFQ's requirements.  FAR 8.405-5(b) provides "[o]rdering activities should rely on the small business representations made by schedule contractors at the contract level."  The "contract level" refers to the base Schedule contract.  13 C.F.R. § 121.404(a)(1); *see also* 13 C.F.R. § 121.402.  Contracting Officers may elect to seek size certifications for orders, and make size certifications at the time of the initial offer.  13 C.F.R. § 121.404(a)(1)(ii).  Neither party disputes that Criterion was a small business under NAICS Code 541513 when it

- 8 -

This Court agrees with the NNSA that Criterion has waived its claim that the NNSA was required to amend the Solicitation to respond to various documents, policies, and events. Criterion has actively participated in this procurement since 2017, but it did not raise this objection earlier – Criterion did not raise the allegedly changed requirements in its GAO protest, and has not alleged to have pursued this claim in any prior protest to the Agency or at the GAO. AR 2281-87.

Protesters cannot "sit on [their] rights in bringing a bid protest while the Government moves forward with a contract." *Nat'l Telecommuting Inst., Inc. v. United States*, 123 Fed. Cl. 595, 602 (2015); *see also Blue & Gold Fleet, L.P.*, 492 F.3d at 1315 ("[A] party who has the opportunity to object to the terms of a government solicitation containing a patent error and fails to do so prior to the close of the bidding process waives its ability to raise the same objection afterwards in a § 1491(b) action in the Court of Federal Claims.").

Furthermore, Criterion's claim that FAR 15.206(a) requires the Agency to amend the RFQ is meritless. FAR Part 15 generally does not apply to a FSS procurement under FAR Part 8 unless the Agency expressly applies FAR Part 15 to the procurement. *See Distributed Sols., Inc. v. United States*, 106 Fed. Cl. 1, 15 (2012). There is no legal requirement that an agency apply FAR Part 15 to FAR Part 8 procurements. The Agency did not act arbitrarily and capriciously or contrary to law by declining to import FAR Part 15 requirements in this FAR Part 8 procurement.

**IV.     Conclusion**

For the reasons set forth above, the plaintiff's Motion for Judgment on the Administrative Record is **DENIED**. The defendant's Cross-Motion for Judgment on the Administrative Record is **GRANTED**. The Clerk is directed to enter judgment in favor of the defendant, consistent with this opinion.

It is so **ORDERED**.

s/ Richard A. Hertling
**Richard A. Hertling**
**Judge**

---

was awarded the FSS Contract and the BPA, and at the time of the initial offer for this procurement. Therefore, Criterion has standing to pursue this claim.